IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Company, as Subrogee of Post Holdings, Inc., a Missouri corporation, Michael Foods of Delaware, Inc., a Delaware corporation, and M.G. Waldbaum Company, a Nebraska Company; <br><br> Plaintiff, <br><br> vs. <br><br> HENNING COMPANIES, LLC, an Iowa Limited Liability Company; <br><br> Defendant. | **8:22CV432** <br><br> **MEMORANDUM AND ORDER** |
| FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island Company; <br><br> Plaintiff, <br><br> vs. <br><br> VENCOMATIC, INC, an Illinois Company; <br><br> Defendant. | **8:24CV74** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Factory Mutual Insurance Company's ("Factory Mutual") motion to consolidate the above-captioned matters for trial. Filing No. 40.[1] Factory Mutual additionally requests a hearing on the motion. Filing No. 41. Vencomatic, Inc. ("Vencomatic") opposes the motion. Filing No. 48. Henning Companies, LLC ("Henning") did not file a brief or otherwise take a position. For the reasons below, the motion to consolidate will be granted without hearing.[2]

## BACKGROUND

Factory Mutual filed two separate complaints against Henning and Vencomatic, respectively. Factory Mutual filed its lawsuit against Henning, 8:22CV432, (the "*Henning* action") on December 15, 2022, alleging breach of contract, breach of warranty, and negligence. After completing a deposition in the *Henning* action, Factory Mutual determined it had claims against Vencomatic. It then sued Vencomatic, 8:24CV74, (the "*Vencomatic*" action) on February 23, 2024, alleging negligence, breach of contract, breach of warranty, and strict liability. Both complaints arise from damages incurred in the same fire at the M.G. Walbaum poultry facility in Bloomfield, Nebraska on February 27, 2020.

On May 1, 2024 the Court ordered the cases consolidated for the purposes of discovery to conserve judicial resources, reduce costs, and promote efficiency in both actions. Filing No. 18. At that time, the Court held Factory Mutual's request to consolidate the cases for trial was premature, Filing No. 18, and thereafter set a deadline for any motions to consolidate for trial. Filing No. 24. The Court set the

---

[1] Because no opposition to the motion was filed in *Factory Mutual Insurance Co. v. Henning Co.*, 8:22CV432, the relevant briefing can be found at *Factory Mutual Insurance Co. v. Vencomatic, Inc.* 8:24CV74. Thus, all citations to the record are to the *Vencomatic* action despite the fact it is not the lead case unless otherwise noted.

[2] The Court finds oral argument is not necessary for the disposition of this matter and, therefore, denies the motion for hearing.

*Henning* action for jury trial to begin on April 13, 2026. *See Henning* action, 8:22CV432, Filng No. 78. This trial is set for ten days. In the joint Final Progression Order, the Court ordered "Counsel in both cases are instructed to hold the trial date on their calendar pending the outcome of any motion to consolidate the cases for the purposes of trial." Filing No. 36. Factory Mutual timely filed the present motion on August 29, 2025.

## ANALYSIS

The Federal Rules of Civil Procedure provide: "If actions before the court involve a common question of law or fact, the court may ... join for hearing or trial any or all matters at issue in the actions ..." Fed.R.Civ.P. 42(a). Consolidation is appropriate when actions involve common parties, overlapping legal issues, and related factual scenarios, and the consolidation itself will not cause unfair prejudice. *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768–769 (8th Cir. 2009). Moreover, "consolidation is permitted as a matter of convenience and economy in administration." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933).). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018) (citing 9A Wright & Miller § 2383). But, as the Eighth Circuit has noted, that discretion is not unbounded and they will reverse a district court's decision to consolidate for an abuse of discretion. *Seattele*, 21 F.3d at 235.

The Court finds that both actions involve common questions of law and fact and that consolidation for trial is appropriate. Both cases arise out of a single fire that occurred at the M.G. Walbaum poultry facility in Bloomfield, Nebraska on February 27, 2020. Pursuant to the Complaint, a manure blower fan allegedly ignited chicken feed dust and the acts and omissions of Henning and Vencomatic caused the fire. More specifically, Henning is alleged to be the designer and general contractor responsible for building the poultry barn, while Vencomatic is

the alleged designer of the air distribution system and the entity that selected, sold and shipped the fan alleged to have caused the fire.

A review of the evidence submitted as part of the present motion reveals the same witnesses and evidence are relevant to both cases, and all parties contend another is responsible for any shortcomings that contributed to the fire. The evidence suggests representatives from Michael Foods, Henning, and Vencomatic contributed, in some way, to the design, selection, or installation the fans and ventilation systems at the M.G. Walbaum poultry facility prior to the underlying fire. *See generally* Filing No. 43. Plaintiff has pointed out, and Vencomatic does not disagree, there are contested facts as to who is responsible for the design and installation of the fans. For example, Henning employee, Jesse Frey, testified that a Vencomatic employee opined on the placement of the fans which allegedly deviated from the original design. Filing No. 43-7 at 8-10. That is in contrast with Vencomatic's position that Henning was responsible for the placement of the fans. Filing No. 43-1 at 32-33. A similar disagreement exists as to the design, selection, and installation of the fans. *See* Filing No. 43-1 at 32-33; 44-45. Moreover, the parties' mandatory disclosures and depositions reveal many of the same witnesses from Michael Foods, Henning, and Vencomatic will be called to present relevant testimony. The two cases undoubtedly have a number of related factual issues and overlapping legal issues.

That said, the Court acknowledges that there are issues of law or fact that are not necessarily present in both cases. But the cases need not be identical. Rather, consolidation is appropriate where cases have "*common* parties, *overlapping* legal issues, and *related* factual scenarios." *Horizon Asset Mgmt.,* 580 F.3d at 768 (emphasis added); *see also Golden v. Stein*, No. 418CV00331JAJCFB, 2019 WL 11005236, at *4 (S.D. Iowa June 3, 2019).

In opposing consolidation, Vencomatic broadly contends a consolidated trial would result in an unfair conflation of issues resulting in prejudice to Vencomatic

but offers little argument or evidence in support. See generally, Filing No. 48. The Court finds the risk of confusion is minimal and any potential confusion can be limited by a proper jury instruction. See Mary Ellen Enters. v. Camex, Inc., 68 F.3d 1065, 1073 (8th Cir.1995) (affirming the trial court's decision to consolidate where "the court instructed the jury that the trial involved two separate actions, and the jury verdict form clearly differentiated between the two actions."). Vencomatic additionally argues that the motion to consolidate is premature because dispositive motions and motions pursuant to *Daubert* have yet to be filed or ruled on. Filing No. 48. The Court again disagrees. Rather, Factory Mutual appropriately complied with the Court's deadline to file the present motion. See Filing No. 24. Any future rulings on dispositive issues could only further narrow the matters to be presented to the jury and diminish any potential jury confusion.

      Finally, the Court finds it is in the interests of judicial economy and convenience to consolidate the cases for trial. See Blood v. Givaudan Flavors Corp., 2009 WL 982022, at *7 (N.D.Iowa Apr. 10, 2009) (noting that where there is inevitable "overlap," the savings to the parties, witnesses, and judicial resources is "enormous"). Consolidation will avoid unnecessary costs, delay, repetition, and expedite a conclusion of the matters. See Bendzak v. Midland Nat. Life Ins. Co., 240 F.R.D. 449, 450 (S.D. Iowa 2007). The evidence before the Court indicates there will be a number of witnesses who would testify in both trials – should the cases not be consolidated for trial. In addition, the *Henning* action is currently set for a ten-day jury trial. Consolidating these matters is in the interest of judicial economy and will avoid unnecessary costs, delay, repetition and expedite the conclusion of these matters.

      Accordingly,

IT IS ORDERED:

1. Factory Mutual Insurance Company's motion to consolidate the above-captioned matters for trial, Filing No. 86 (8:22cv432); Filing No. 40 (8:24cv74), is granted. A separate trial-setting order will issue.
2. Factor Mutual Insurance Company's motion for hearing, Filing No. 87 (8:22cv432); Filing No. 41 (8:24cv74), is denied.

Dated this 2nd day of October, 2025.

                                        BY THE COURT:

                                        *s/ Jacqueline M. DeLuca*
                                        United States Magistrate Judge